**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **VICTOR RAMON MOROCHO CHILLOGALLI** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **NO. 26-5919** |
| | : | |
| **JAMISON, *et al.*** | : | |

# ORDER

**AND NOW**, this 19th day of August, 2026, upon consideration of Victor Ramon Morocho Chillogalli's petition for writ of *habeas corpus* (DI 1), and the government's response in opposition thereto (DI 3), it is **ORDERED** that Mr. Morocho Chillogalli's petition is **GRANTED** for the reasons that follow:

1. Mr. Morocho Chillogalli is a foreign national who entered the United States on or about 2021. DI 1 at ¶ 18.

2. Mr. Morocho Chillogalli went to live in Upper Darby, Pennsylvania after entering the United States, where he has established community, maintained steady employment in the construction industry, and worked to support his nephew and niece. *Id.* at ¶¶ 19-20.

3. On or about August 14, 2026, Mr. Morocho Chillogalli was encountered by Department of Homeland Security (DHS) officers while he was leaving his house to go to work, who took him into custody without prior notice or an opportunity to contest his detention. *Id.* at ¶ 21.

4. DHS currently holds Mr. Morocho Chillogalli at the Philadelphia Federal Detention Center, purporting to do so under 8 U.S.C. § 1225(b)(2)(A). *Id.* at ¶¶ 2, 22-23; DI 3 at 1-2.

5. The government maintains that Mr. Morocho Chillogalli is subject to mandatory

detention under 8 U.S.C. § 1225(b)(2)(A). DI 3 at 1-2.

6. Section 1226 of the Immigration and Nationality Act (INA), titled "Apprehension and detention of aliens," applies to noncitizens already in the United States and gives the Attorney General discretion to detain or release them on bond pending a decision on their removal. 8 U.S.C. § 1226(a); *see Nielsen v. Preap*, 586 U.S. 392, 397 (2019). If detained, the noncitizen may request a bond hearing before an immigration judge and may be released if he can show he is not a flight risk and does not pose a danger to the community. 8 C.F.R. § 1236.1(c)(8), (d)(1); *Nielsen*, 586 U.S. at 398.

7. By contrast, Section 1225 of the INA, titled "Inspection by immigration officers; expedited removal of inadmissible arriving aliens; referral for hearing," provides that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title." 8 U.S.C. § 1225(b)(2). Detention under Section 1225(b)(2) is mandatory and a detainee may only be released "for urgent humanitarian reasons or significant public benefit." *Jennings v. Rodriguez*, 583 U.S. 281, 288 (2018) (citation modified).

8. On September 15, 2025, the Board of Immigration Appeals (BIA) issued a decision in *Matter of Yajure Hurtado* 29 I. & N. Dec. 216 (BIA Sept. 5, 2025).[1] Under the BIA's *Hurtado* decision, BIA concluded that resident noncitizens are subject to detention under

[1] While the government breaks its detentions down into four categories — which it argues have "certain legal and factual distinctions" but provides no explanation of what those distinctions are — it acknowledges that "the fundamental point of departure between the government's position and the position advanced by petitioners and adopted in the Court's decisions in this District relates to the correct interpretation of § 1225(b)(2)(A)." DI 3 at 2 n.1.

8 U.S.C. § 1225(b)(2)(A), not 8 U.S.C. § 1226(a), which would render noncitizens present in the United States ineligible to be released on bond.[2]

9. As the government acknowledges, "the weight of Circuit and district court authority [is] against the government." DI 3 at 2. However, the government maintains that its legal interpretation is correct and relies upon the arguments it has made in previous cases in this district and before the Third Circuit Court of Appeals. *Id.* It specifically notes that it has appealed this issue to the Third Circuit in *Lopes De Andrade v. Director Philadelphia Field Office Immigration and Customs Enforcement, et al.*, No. 26-1454, and *Buele Morocho v. Warden Philadelphia FDC, et al.*, No. 26-1150. *Id.* As we have done in several cases before us,[3] we adopt the reasoning of judges of this district for the wholly persuasive reasons stated therein and find this reasoning prevails over the reasoning relied upon in the non-binding *Buenrostro-Mendez* and *Avila* opinions.[4] *See, e.g.*, *Patel v. McShane*, 2025 WL 3241212 (E.D. Pa. Nov. 20, 2025) (Brody, J.); *Ndiaye v. Jamison*, 2025 WL 3229307 (E.D. Pa. Nov. 19, 2025) (Sánchez, J.); *Demirel v. Fed. Det. Ctr. Philadelphia*, 2025 WL 3218243 (E.D. Pa. Nov. 18,

---

[2] The government also cites to *Matter of Q. Li*, 29 IN 66 (BIA 2025), which contains a nearly identical interpretation of § 1225 compared to *Hurtado*. DI 3 at 2 n.1.

[3] *See, e.g.*, *Diop v. Jamison, et al.*, No. 25-cv-6946 (Jan. 1, 2026); *Singh v. Rose et al.*, No. 26-cv-593 (Feb. 9, 2026); *Rodriguez Mezquita v. McShane et al.*, No. 26-cv-1136 (Mar. 2, 2026); *Chavez v. Jamison et al.*, No. 26-1569 (Mar. 16, 2026); *Pineda v. Rife et al.*, No. 26-cv-2088 (Apr. 2, 2026); *Uulu v. Jamison et al.*, No. 26-cv-1971 (Apr. 6, 2026); *Hussain v. Jamison et al.*, No. 26-cv-3159 (May 15, 2026); *Meza v. Jamison et al.*, No. 26-cv-3659 (June 1, 2026); *Rodriguez Oviedo v. Jamison et al.*, No. 26-cv-4009 (June 15, 2026); *Guerrero Marin v. Jamison et al.*, No. 26-cv-4479 (July 1, 2026); *Merino-Sarango v. Jamison*, No. 26-cv-4628 (July 8, 2026); *Flores-Alameda v. Jamison et al.*, 26-cv-4749 (July 9, 2026); *Kumar v. Jamison et al.*, No. 26-cv-5799 (Aug. 18, 2026).

[4] We do not cite to the over 200 cases decided against the government on this issue because the government acknowledges the weight of authority against it. Rather, we cite a sample of those decisions by way of example.

2025) (Diamond, J.); *Kashranov v. Jamison*, 2025 WL 3188399 (E.D. Pa. Nov. 14, 2025) (Wolson, J.); *Cantu-Cortes v. O'Neill, et al.*, 2025 WL 3171639 (E.D. Pa. Nov. 13, 2025) (Kenney, J.); *Centeno Ibarra v. Warden of the Federal Detention Center, et al.*, 2025 WL 3294726 (E.D. Pa. Nov. 25, 2025) (Rufe, J.); *Buele Morocho v. Jamison, et al.*, 2025 WL 3296300 (E.D. Pa. Nov. 26, 2025) (Gallagher, J.); *Diallo v. O'Neill, et al*., 2025 WL 3298003 (E.D. Pa. Nov. 26, 2025) (Savage, J.); *Rios Porras v. O'Neill, et al.*, 2025 WL 3708900 (E.D. Pa. Nov. 25, 2025) (Beetlestone, C.J.); *Wu v. Jamison, et al.*, No. 25-cv-6469 (E.D. Pa. Dec. 1, 2025) (Gallagher, J.); *Flores Obando v. Bondi*, 2025 WL 3452047 (E.D. Pa. Dec. 1, 2025) (Brody, J.); *Valdivia Martinez v. FDC*, No. 25- cv-6568 (E.D. Pa. Dec. 1, 2025) (Savage, J.); *Soumare v. Jamison*, 2025 WL 3461542 (E.D. Pa. Dec. 2, 2025) (Henry, J.); *Yilmaz v. Warden, FDC*, 2025 WL 3459484 (E.D. Pa. Dec. 2, 2025) (Rufe, J.); *Nogueira-Mendes v. McShane*, 2025 WL 3473364 (E.D. Pa. Dec. 3, 2025) (Slomsky, J.); *Juarez Velazquez v. O'Neill, et al.*, 2025 WL 3473363 (E.D. Pa. Dec. 3, 2025) (Henry, J.); *Perez-Suspes v. Rose, et al.*, 2025 WL 3492820 (E.D. Pa. Dec. 5, 2025) (Brody, J.); *Delgado Villegas v. Bondi, et al.*, No. 25-cv-6143 (E.D. Pa. Dec 4, 2025) (Diamond, J.); *Hidalgo et al. v. O'Neill, et al.*, No. 25-cv-6775 (E.D. Pa. Dec. 5, 2025) (Diamond, J.); *Conde v. Jamison, et al.*, 2025 WL 3499256 (E.D. Pa. Dec. 5, 2025) (Brody, J.); *Rodrigues Pereira v. O'Neill, et al.*, 2025 WL 3516665 (E.D. Pa. Dec. 8, 2025) (Marston, J.); *Bhatia v. O'Neill, et al.*, 2025 WL 3530075 (E.D. Pa. Dec. 9, 2025) (Rufe, J.); *Anirudh v. McShane, et al.*, 2025 WL 3527528 (E.D. Pa. Dec. 9, 2025) (Bartle, J.); *AcostaCibrian*, No. 25-cv-6650 (E.D. Pa. Dec. 9, 2025) (Gallagher, J.); *Picon v. O'Neill, et al.*, 2025 WL 3634212 (E.D. Pa. Dec. 15, 2025) (Perez, J)).

10. Accordingly, if Mr. Morocho Chillogalli is subject to detention at all, it is under 8

U.S.C. § 1226(a). The government shall **RELEASE** Mr. Morocho Chillogalli from custody immediately and certify compliance with this Order by filing on the docket no later than **5:00 p.m. ET** on Friday, **August 21, 2026**;

11. The government is temporarily enjoined from re-detaining Mr. Morocho Chillogalli for seven days following his release from custody;

12. If the government chooses to pursue re-detention of Mr. Morocho Chillogalli after that seven-day period, it must first provide him with a bond hearing, at which a neutral immigration judge shall determine whether detention is warranted pending the resolution of his removal proceedings; and

13. Pending the ordered bond hearing, the government cannot remove, transfer, or otherwise facilitate the removal of Mr. Morocho Chillogalli from the Eastern District of Pennsylvania before the ordered bond hearing. If an immigration judge determines that Mr. Morocho Chillogalli is subject to detention under 8 U.S.C. § 1226(a), the government may request permission from the court to move Mr. Morocho Chillogalli if unforeseen or emergency circumstances arise that require him to be removed from the District. Any such request must include an explanation for the request as well as a proposed destination. We will then determine whether to grant the request and permit transfer of Mr. Morocho Chillogalli.

**MURPHY, J.**